F I L E D
CLERK OF COURT
2025 MAY 16 PM 2: 24
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0692-23-01** |
| | GPD Report No. 23-25814 |
| v. | |
| | **DECISION AND ORDER** |
| **TESMY TOTOSY LIKITY,** | **DENYING** |
| DOB: 12/31/1960 | **DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 28, 2025 for hearing on Tesmy Totosy Likity's (*aka* "Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General William Lyle Stamps represents the People, and Alternate Public Defender Brycen Breazeale represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with Assault Against a Peace Officer (as a 3rd Degree Felony), Hindering Apprehension (as a Misdemeanor), Obstructing Governmental Functions (as a Misdemeanor), and Disorderly Conduct (as a Petty Misdemeanor). See Indictment (Nov. 7, 2023).

The charges stem from an alleged incident on October 28, 2023, in which Guam Police Department ("GPD") officers were called to Defendant's residence following reports that Defendant's son, Bayo Bye Likity (*aka* Bye Likiti) (*aka* Bayo Likity), had violated a no-contact order against her. See Magistrate's Complaint (Oct. 30, 2023). Responding officers located Bayo outside Defendant's residence and attempted to arrest him. Id. However, Bayo violently resisted arrest and a physical struggle ensued between Bayo and the responding officers. Id. It took two officers to

Decision and Order Denying Defendant's Motion to Dismiss
CF0692-23-01, *People of Guam v. Tesmy Totosy Likity*
Page 1 of 4

subdue Bayo, and Bayo proceeded to kick them and slam their heads against the ground during the struggle. Id. Officers had to use tasers and batons to finally overpower Bayo. Id. Defendant joined in during this chaos and she too began attempting to prevent the arrest by kicking and punching GPD Officer Garcia, trying to separate the officers from Bayo, and screaming into the officer's faces. Id.

On January 27, 2025, Defendant filed her Motion to Dismiss. Defendant seeks to dismiss the prosecution on *de minimis* grounds, claiming it is disproportionately harsh to criminally charge her for her actions on October 28, 2023. See Motion at 3 (Jan. 27, 2025). Defendant claims her actions did not cause or threaten harm and were instead normal spontaneous reactions to a frenzied scene. Id. at 3-5. Defendant believes this is especially true given her old age and end-stage kidney failure which has left her wheelchair-bound. Id. at 1-2, 5.

On February 10, 2025, the People filed their Opposition to Defendant's Motion ("Opposition"). The People first claim Defendant's Motion is untimely, having been filed eight (8) months after the deadline set in the Court's Trial Scheduling Order from December 2023. See Opposition at 2 (Feb. 10, 2025). The People also stress the seriousness of Defendant's actions, highlighting the harm and violence she imposed on GPD Officer Garcia. Id. at 3-4. Additionally, the People challenge the veracity of Defendant's health problems, and whether these problems excuse her prosecution. Id. at 2-3

The Court held a hearing on February 28, 2025. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I.    Preliminary Law:**

"The Court on its own motion may dismiss a prosecution pursuant to § 7.67 of the Criminal and Correctional Code.". See 8 G.C.A. § 80.70(c).

Section 7.67 provides:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

Decision and Order Denying Defendant's Motion to Dismiss
CF0692-23-01, *People of Guam v. Tesmy Totosy Likity*
Page 2 of 4

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.

See 9 G.C.A. § 7.67.

## II. Application:

Because 9 G.C.A. § 7.67 directs the Court to dismiss a prosecution if it finds that the Defendant's conduct falls within either of the above circumstances, the Court will consider each of Defendant's claims separately.

### a. Defendant's conduct actually and significantly caused harm sought to be prevented by the relevant criminal statutes.

Defendant first seeks dismissal under 9 G.C.A. § 7.67(b), claiming her actions did not cause or threaten harm. Id. at 3-5.

When labeling an action as "trivial" under 9 G.C.A. § 7.67(b), courts consider "the risk of harm to which society is exposed by defendant's conduct". See Guam v. Perez, 2004 Guam 4 at ¶ 3 (internal citations omitted). To determine the risk of harm, courts view all factual allegations against Defendant as true, and consider the five following factors: (i) the circumstances surrounding the commission of the offense; (ii) the existence of contraband; (iii) the amount and value of property involved; (iv) the use or threat of violence; and (v) the use of weapons. Id at ¶ 12.

Applying these factors to the case at issue, it is clear that Defendant's alleged conduct exposed society to a significant risk of harm. Defendant repeatedly kicked, punched, and screamed in the faces of officers in order to prevent their arrest of Bayo. See Magistrate's Complaint (Oct. 30, 2023). The circumstances surrounding the offense increase the risk of harm because these kicks and punches came at a time when GPD officers were already fighting with and struggling to arrest Bayo. Id. While Defendant was understandably emotional, her actions exposed the officers to additional risk of injury and impeded their arrest of Bayo. Id. The violent nature of Defendant's actions also increases the risk of harm. Id. While it is true that no contraband or weapons were involved in this case, that does not excuse the significant harm that Defendant's actions risked to society.

### b. Defendant's health issues are not an extenuating circumstance that the relevant criminal statutes failed to consider.

Decision and Order Denying Defendant's Motion to Dismiss
CF0692-23-01, *People of Guam v. Tesmy Totosy Likity*
Page 3 of 4

Defendant next claims her old age and poor health constitute extenuating circumstances that warrant dismissal. See Motion at 5 (Jan. 27, 2025). Defendant is currently sixty-four (64) years old and suffering from end-stage kidney failure, which has left her wheelchair-bound and requiring dialysis treatment multiple times per week. See Informational Report (Oct. 10, 2024).

While the Court sympathizes with Defendant's kidney failure, this medical condition is not an extenuating circumstance warranting dismissal. Guam has many criminal defendants suffering from kidney disease and their diagnosis is not a blank ticket granting immunity from the law. While the Court will be mindful of Defendant's health moving forward, her health does not currently pose an extenuating circumstance warranting dismissal.

## **CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion. The People may continue their prosecution against Defendant because: (i) Defendant's conduct actually and significantly caused harm sought to be prevented by the relevant criminal statutes, & (ii) Defendant's health issues are not an extenuating circumstance warranting dismissal.

**IT IS SO ORDERED** this ___May 16, 2025___.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, APD___

Date: _5/16/25_ Time: _2:32_

_Antonio Q. Cruz_
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Dismiss
CF0692-23-01, *People of Guam v. Tesmy Totosy Likity*
Page 4 of 4